UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-235 (JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>MICHAEL JAMES DEEGAN,   )<br>   )<br>   Defendant.   ) | **GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING** |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Michael James Deegan.  For the reasons outlined below, the government respectfully requests that the Court impose a sentence of 96 months imprisonment on Count 2 (Possession of an Unregistered Firearm) and 60 months imprisonment on Count 3 (Assault Resulting in Substantial Bodily Injury).

## INTRODUCTION

On September 24, 2013, a grand jury sitting in the District of Minnesota returned a three count Indictment charging the defendant Michael James Deegan with (1) Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2); (2) Possession of an Unregistered Firearm in violation of Title 26, United States Code, Sections 5845(a), 5861(d), and 5871; and (3) Assault Resulting in Substantial Bodily Injury in violation of Title 18, United States Code, Sections 113(a)(7),

1151, and 1153(a), for an incident occurring on June 4, 2013. On December 16, 2013, the defendant pled guilty to two counts of the indictment, namely Count 2 (Possession of an Unregistered Firearm) and Count 3 (Assault Resulting in Substantial Bodily Injury).

I.   Offense Conduct

In the late evening hours of June 4, 2013, law enforcement from the White Earth Police Department and the Mahnomen County Sheriff's Office responded to a residence in Mahnomen, Minnesota, on the report of a domestic assault. Presentence Investigative Report ("PSR"), ¶ 6. On arrival at the residence, law enforcement encountered a visibly shaken and injured A.J.S., who reported that the defendant, her boyfriend and father of her 3-year-old child, assaulted her by punching and kicking her. Id. Officers made entry into the residence and located that the defendant in an upstairs bedroom. PSR, ¶ 7. The defendant was lying face down on a bed with a sawed-off shotgun lying next to him. Id. After a short struggle, the defendant was arrested and transported to jail. Id. As a result of the assault, the victim A.J.S. suffered substantial bodily injury.

II.   Prior Criminal Convictions

At 24 years of age, the defendant has amassed a significant criminal history. As reflected in the PSR, the defendant's first interaction with the criminal justice system was at the age of 12 years. Prior to the age of 18, the defendant appeared in state court for 12 different offenses ranging from misdemeanor to felony offenses. PSR, ¶¶ 42-53. The defendant was ultimately placed in a long-term juvenile detention facility and aged out of the juvenile justice system. Id.

As an adult, the defendant committed his first felony offense shortly after he turned 18 years of age. PSR, ¶ 55. On July 8, 2010, when the defendant was still 19 years old, the defendant was committed to the Minnesota Department of Corrections after having been convicted of three different felony crimes (Third Degree Assault, Simple Robbery, and Fifth Degree Drug Possession) occurring on separate dates. PSR, ¶ 55-57. Prior to being committed to prison, the defendant was provided an opportunity and placed on probation. However, the defendant repeatedly violated the terms of his probation by committing new offenses or failing to abide by the terms of his probation. Id. Once the defendant was released from prison in 2011, the defendant once again failed to abide by the conditions of supervised release and was returned to prison for those violations. Id.

The defendant's criminal conduct did not cease after he was released from prison in late 2011. Rather, within six months of release, the defendant committed a domestic assault against A.J.S. PSR, ¶ 58. After, the defendant was convicted of another assault and a felony drug possession for incidents in 2012. PSR, ¶¶ 59 and 60. The defendant's instant offense occurred less than 40 days after being placed on probation for a Fifth Degree Assault and a felony drug possession.

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 49 (2007). In this matter, the PSR correctly calculated the applicable advisory Guidelines range and determined that the guidelines range is 110-120 months imprisonment. Nonetheless, the parties stipulated to the applicable guidelines calculations in the plea agreement. The

parties did not stipulate to a two level increase because Count 2 involved a destructive device. Accordingly, the parties stipulated that the applicable Guidelines range was 92-115 months imprisonment. The government respectfully requests that the Court adopt the guidelines calculations in the PSR as its own, but impose a sentence within the guidelines range determined by the parties, namely 92-115 months. And, for the reasons outlined below, the government respectfully requests that the Court impose a sentence of 96 months imprisonment on Count 2 (Possession of an Unregistered Firearm) and a concurrent sentence of 60 months imprisonment on Count 3 (Assault Resulting in Substantial Bodily Injury).

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). In this case, considering all of the sentencing factors, the government respectfully submits that concurrent sentences of 96 months and 60 months imprisonment is appropriate for this defendant for each count of conviction. Such a sentence would be

sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

Here, the crime is not particularly complicated – the defendant committed an act of domestic violence, which resulted in substantial bodily injury, and was found and arrested while in possession of a sawed-off shotgun.  As evidenced by the defendant's lengthy criminal history at a young age, this is not the defendant's first brush with the law.  Further, the defendant certainly knows and has been provided with opportunities for treatment and rehabilitation.  Nonetheless, the defendant's criminal history and comments provided in the PSR reflects an unapologetic man that lives his life by his own rules and intends to continue to do so.  See PSR, ¶ 88-89.  Accordingly, punishment and general deterrence must outweigh any other characteristic of the defendant.  Therefore, after consideration of the factors set forth in 3553(a), a sentence as requested by the government is an appropriate sentence.

## **CONCLUSION**

The government respectfully requests that the Court impose concurrent sentences of 96 months imprisonment on Count 2 (Possession of an Unregistered Firearm) and 60 months imprisonment on Count 3 (Assault Resulting in Substantial Bodily Injury). These sentences are reasonable as guided by the factors outlined in 18 U.S.C. § 3553(a).

Dated: April 1, 2014

    Respectfully Submitted,

    ANDREW M. LUGER
    United States Attorney

    s/Deidre Y. Aanstad

    BY:  DEIDRE Y. AANSTAD
    Assistant U.S. Attorney
    Attorney ID No. 0331788