UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-56 (JRT)
Criminal No. 13-235 (JRT)

UNITED STATES OF AMERICA,

            Plaintiff,

    v.                                                    **ORDER OF DETENTION**

MICHAEL JAMES DEEGAN,

            Defendant,

On August 29, 2022, Michael James Deegan made his first appearance in the District of Minnesota on a petition for supervised release revocation. Mr. Deegan was represented by Assistant Federal Defender Doug Olson.  Assistant U.S. Attorney Andrew Dunne represented the United States. This Order sets forth the Court's findings of fact and conclusions of law with respect to probable cause for the alleged violation, and the detention of Mr. Deegan.

### FINDINGS OF FACT

1.      Mr. Deegan is alleged to have violated the terms of his supervised release by failing drug tests and absconding from his court ordered placement at Centre Inc., a residential reentry center.

2.      Mr. Deegan consulted with his counsel during the initial appearance and made a knowing and voluntary waiver of his right to a hearing on the questions of probable cause for the alleged violation and detention pending a final revocation hearing. The Court

confirmed Mr. Deegan's waiver with him and his counsel at the initial appearance on this matter.

## DISCUSSION

The Court must determine whether probable cause exists to support the allegations in a petition for supervised release revocation. Probable cause can be established through evidence and testimony, or by a defendant's knowing and voluntary waiver of a hearing on that issue. Here, based upon the waiver of Mr. Deegan, the Court finds that probable cause exists to support the alleged violation.

The appropriate analysis for deciding the issue of release from custody pending disposition of revocation of supervised released proceedings is governed by Federal Rules of Criminal Procedure 46(d) and 32.1(a)(6). These rules provide:

> **Rule 46. Release from Custody; Supervising Detention**
>
> * * * *
>
> (d) **Pending Hearing on a Violation of Probation or Supervised Release**. Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release.

Fed. R. Crim. P. 46(d).

> **32.1. Revoking or Modifying Probation or Supervised Release**
> (a) **Initial Appearance**.
>
> > * * * *
> >
> > (6) **Release or Detention**. The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person.

Fed. R. Crim. P. 32.1(a)(6).

18 U.S.C § 3143(a) provides:

2

(a) **Release or detention pending sentence**.-(1) ... the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)....

The Court must detain Mr. Deegan unless the Court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.  Mr. Deegan bears the burden of establishing that he will not flee or pose a danger to any other person or to the community.  The Court finds that detention is appropriate in this matter based upon the waiver of Mr. Deegan.

## CONCLUSION

The Court concludes that no condition or combination of conditions of bond will reasonably ensure the safety of the community or her appearance at future court hearings if Mr. Deegan were to be released.  Accordingly,

IT IS HEREBY ORDERED that:

1.      The motion of the United States for detention of is granted;

2.      Mr. Deegan is committed to the custody of the United States Marshal;

3.      Mr. Deegan shall be afforded reasonable opportunity to consult privately with his lawyer; and

4.      Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. Deegan is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: <u>August 30, 2022</u>          <u>*s/ Becky R. Thorson*</u>
                                       The Honorable Becky R. Thorson
                                       United States Magistrate Judge